**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Board of Trustees of the Toledo Roofers
    Local No. 134 Pension Plan,

    Plaintiff

v.

Enterprise Roofing & Sheet Metal, et al.,

    Defendant

Case No. 3:10CV1869

**ORDER**

This is an action under § 4221(b)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1401(b)(1). Plaintiff, a joint employer-employee pension plan, seeks to recover on the basis of "withdrawal liability" against two defendants: Enterprise Roofing & Sheet Metal, Inc. (Sheet Metal), a participant in a collective bargaining agreement, and Enterprise Roofing & Remodeling Services, Inc. (Services).

On April 22, 2009, Sheet Metal notified plaintiff it would be going out of business. It did so as of June 30, 2009. In response, plaintiff notified both Sheet Metal and Services that each was responsible for withdrawal liability. In plaintiff's view, Services, though not a participant in a collective bargaining agreement, is as liable as Sheet Metal either because the two entities are related, Services is a successor to Sheet Metal, or the two corporations are alter egos.

Under 29 U.S.C. §1399(b)(2)(A) an employer must take certain actions in response to a demand for withdrawal liability. If it fails to do so, it waives its rights to contest liability or the amount claimed. Neither defendant took any of those actions.

Plaintiff seeks summary judgment on the basis of the statutory waiver of the right to challenge either its claim or the amount it calculates defendants owe it, $624,079, plus accrued interest. (Doc. 43).

Sheet Metal, which is in default, has not contested plaintiff's summary judgment motion. Accordingly, I grant summary judgment and enter judgment as requested in that motion against Sheet Metal.

Services has filed an opposition. It challenges the premise on which plaintiff grounds its motion: namely that it is either related to or a successor or alter ego of Sheet Metal.

Plaintiff has not submitted any evidence disputing Services' contention that it is not related to or a successor or alter ego of Sheet Metal. Even if plaintiff had, its submission would have created, at best, a dispute of material fact precluding summary judgment in its favor.

Initially, plaintiff appeared to contend that Services' failed to respond as required under §1399(b)(2)(A) to its demand and claim, and thus had waived its right to challenge plaintiff's contention that it is an "employer" subject to the pension plan and related obligations. Plaintiff's reply brief does not, however, put that issue in further dispute. Instead, the reply brief indicates plaintiff's acquiescence, for purposes of its summary judgment motion, in Services' contention that it remains entitled to a judicial determination of whether it is an employer under the statute.

Plaintiff has thus for now backed off from, if not entirely abandoned, its assertion that Services, due to its failure to respond to plaintiff's demand notice, has waived its right to object and cannot even contest its objections to be treated as an employer under the act.

This is appropriate, as controlling Sixth Circuit precedent places authority to determine Services' status as an employer with this court. *Mason and Dixon Tank Lines, Inc. v. Central States,*

*Southeast and Southwest Areas Pension Fund*, 852 F.2d 156, 167 (6th Cir. 1988) (district court addresses whether an entity is an employer within the meaning of ERISA § 1401(a)(1)). Plaintiff has not cited any Sixth Circuit authority contrary to *Mason and Dixon Tank Lines*. It is, therefore, not entitled to summary judgment against Services.

## Conclusion

In light of the foregoing, it is hereby

ORDERED THAT:

1. Plaintiff's motion for summary judgment against Enterprise Roofing and Sheet Metal, Inc. (Doc. 44) be, and the same hereby is granted;

2. On or before March 15, 2012, plaintiff shall submit a statement as to total judgment and, as well, the amount of attorneys' fees claimed as to Enterprise Roofing and Sheet Metal; the Clerk shall thereon enter judgment accordingly;

3. Plaintiff's motion for summary judgment against Enterprise Roofing and Services, Inc., be, and the same hereby is denied, without prejudice.

4. A status/scheduling conference is set for March 19, 2012 at 2:00pm. Out of town counsel may participate by phone.

So ordered.

/s/ James G. Carr
Sr. United States District Judge