IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Board of Trustees of the Toledo Roofers                Case No. 3:10CV1869
Local No. 134 Pension Plan,

        Plaintiff

    v.                                             **ORDER**

Enterprise Roofing & Sheet Metal Co., et al.,

        Defendant

This is a suit for withdrawal liability under the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381.

At an earlier stage of this case, I found that defendant Enterprise Roofing & Sheet Metal Co. (Sheet Metal) was liable to the plaintiff, the Board of Trustees of a union pension plan (the Trustees), for $624,079.00 in unpaid contributions, plus interest. (Docs. 53, 59).

I then held a bench trial to determine whether the Trustees could recover those funds from a second defendant, Enterprise Roofing & Remodeling Services (Services), on the theory that Services was an alter ego of Sheet Metal. After hearing the evidence and reviewing the parties' post-trial submissions, I found that Services was Sheet Metal's alter ego and therefore liable for the unpaid contributions. *Local 134 Bd. of Trustees of Toledo Roofers Pension Plan v. Enter. Roofing & Sheet Metal Co.*, 2013 WL 2425135 (N.D. Ohio) (*Local 134*).

Now pending are the Trustees' motion for entry of a final judgment (Doc. 97) and Services' motion for reconsideration (Doc. 103).

Services argues for the first time in these proceedings that the alter-ego doctrine is "inapplicable" because Services did not "cause[ ] the union to receive less than it had bargained for in its collective bargaining agreement." (Doc. 103 at 8). The Trustees oppose the motion and request an award of attorney's fees as a sanction against Services. (Doc. 106).

The primary issue for decision is the proper characterization of Services' motion. Services purports to bring its motion under Fed. R. Civ. P. 54(b), which states that an order adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time" before entry of final judgment. Services contends that my prior order did not resolve all of the parties' claims (and is thus interlocutory) because it withheld judgment on the Trustees' claim for attorney's fees. *Local 134*, *supra*, 2013 WL 2425135, *10 & n.13. And because the order is interlocutory, the argument goes, I have discretion to entertain Services' new contention that the alter-ego doctrine did not apply in this case.

For their part, the Trustees argue that I should treat Services' motion as one for reconsideration under Fed. R. Civ. P. 59(e) and deny it because Services is raising a new argument.

On this point, however, both parties are mistaken.

First, the order I entered on June 3, 2013, finding Services to be an alter ego – and therefore liable for Sheet Metal's unpaid contributions – was a final judgment, not an interlocutory order.

"A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988). "A question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." *Id.*

2

Of particular note is the Supreme Court's holding in *Budinich* that "a claim for attorney's fees is not part of the merits of the action to which the fees pertain." *Id.* at 200. The Court explained that "awards of attorney's fees do not remedy the injury giving rise to the action, and were regarded at common law as an element of 'costs' awarded to a prevailing party, which are generally not treated as part of the merits judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Employers*, --- U.S. ---, 134 S. Ct. 773, 779 (2014).

Consequently, "an unresolved issue of attorneys's fees for the litigation in question does not prevent judgment on the merits from being final." *Id.*

Here, the Trustees brought a two-count complaint: the first count sought damages for withdrawal liability, and the second count sought statutory attorney's fees. My order of June 3, 2013, disposed of count one by finding Services "liable and responsible for the judgment . . . previously entered in favor of [the Trustees]," *Local 134*, *supra*, 2013 WL 2425135, *10, and left only the attorney's-fee question for decision, *id.*, *10 n.13.

As just seen, however, the pendency of the Trustees' request for attorney's fees does not affect the finality of an order ending the litigation on its merits. Accordingly, my order of June 3, 2013, was a final order disposing of all parties' claims and not subject to modification under Rule 54(b).[1]

---

[1] That I did not enter my judgment on a separate document, as required by Fed. R. Civ. P. 58(a), does not change the result. Rule 58(c) provides that, if a court does not enter its judgment on a separate document, judgment is "entered" one hundred and fifty days after the court's order disposing of the case is entered on the civil docket. *Bonner v. Perry*, 564 F.3d 424, 427-428 (6th Cir. 2009). Accordingly, judgment was entered by operation of law on October 31, 2013 – one hundred and fifty days after my order finding Services to be an alter ego was entered on the civil docket.

Second, because Services did not move for reconsideration until December 16, 2013 – more than six months after the entry of final judgment – its motion does not arise under Rule 59(e). Such a motion must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); *cf.* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under," *inter alia*, Rule 59(e)).

Because Services did not move for reconsideration until after that twenty-eight-day window expired, I will review the motion under Rule 60.

The next question is whether Services has presented any grounds warranting relief from the June 3 judgment. Under Rule 60, I may relieve a party from a final judgment for six reasons:

1) mistake, inadvertence, surprise, or excusable neglect;

2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4) the judgment is void;

5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Rule 60(b) "does not allow a defeated litigant a second chance to convince the court to rule in [its] favor by presenting new explanations, legal theories, or proof." *Jinx v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Services, having erroneously brought its motion under Rule 54(b), does not contend it is entitled to relief on any of the grounds specified in Rule 60(b). This alone is a sufficient basis to deny the motion. *Lewis v. Alexander*, 987 F.2d 392, 396 (6 th Cir. 1993) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.").

Furthermore, Services never before contended that the alter-ego doctrine was inapplicable. Rather, Services confronted the alter-ego issue head-on and argued that the evidence failed to show that it was Sheet Metal's alter ego. (Doc. 82 at 15-35). Because a motion to reconsider is not the time to raise new arguments, *Jinx*, *supra*, 250 F.3d at 385, I will deny Services' motion.

In addition, considerations of judicial economy strongly weigh against granting reconsideration. After finding Sheet Metal liable, I held a three-day trial at which the parties called a dozen witnesses and presented numerous exhibits relevant to whether Sheet Metal and Services were respected their distinct corporate identities or acted as one another's alter egos.

Under Services' current argument, however, the bench trial and all it entailed were beside the point, given that "the test for 'alter ego' simply does not apply." (Doc. 103 at 8). In these circumstances, reconsideration would be inappropriate.

Finally, Services has not shown that "the alter ego doctrine . . . is only to be applied where the alleged 'alter ego' has caused the union to receive less than it bargained for in its collective bargaining agreement." (*Id.*). On the contrary, the Sixth Circuit has expressly rejected the argument that, "in the absence of proof that the union had been short-changed in some manner by changes in the structure of the two entities involved in the dispute, there could be no inequity that would justify

5

a court's imposition of liability" under the alter-ego doctrine. *Trustees of Detroit Carpenters Fringe Benefits Funds v. Indus. Contracting, LLC*, 581 F.3d 313, 319 (6th Cir. 2009).[2]

Because Services' motion also rests on a flawed legal premise, it provides no basis to grant reconsideration.

Accordingly, it is

ORDERED THAT:

1. The Trustees' motion for issuance of a final judgment (Doc. 97) be, and the same hereby is granted;

2. Services' motion for reconsideration (Doc. 103) be, and the same hereby is denied; and

3. The Trustees' request for sanctions be, and the same hereby is denied, as I previously granted Services leave to file an opposition to the Trustees' motion for issuance of a final judgment, and it does not appear that Services sought reconsideration in bad faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[2] Indeed, the court in *Detroit Carpenters* expressly confined a prior Sixth Circuit decision, which suggested (but did not hold) that alter-ego liability would be appropriate only upon proof that the union was harmed by an alter-ego relationship, to the facts of its case. *Id.* at 319 (noting that decision in *Trustees of Resilient Floor Decorators Ins. Fund v. A&M Installations, Inc.*, 395 F.3d 244 (6th Cir. 2005), "is of limited authority" and suggesting that "it should be confined to its facts").